## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEREX BROOKS,
           Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,
           Agency.

DOCKET NUMBER
CH-1221-18-0596-W-1

DATE:  July 3, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jonay McCall</u>, St. Louis, Missouri, for the appellant.

<u>Beth K. Donovan</u>, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant established that he exhausted his administrative remedies before the Office of Special Counsel (OSC) and nonfrivolously alleged that he made a protected disclosure but failed to nonfrivolously allege that his protected disclosure was a contributing factor in his removal, we AFFIRM the initial decision.

## BACKGROUND

Effective February 13, 2018, the agency removed the appellant from his Housekeeping Aid position within its Environmental Management Service (EMS) in St. Louis, Missouri, for failing to abide by the terms of a last chance agreement (LCA). Initial Appeal File (IAF), Tab 1 at 17, 22-23. In the decision letter, the agency advised the appellant that he was entitled to appeal the removal to the Board, seek corrective action before OSC, or file a discrimination complaint. *Id.* at 23. It also informed him that if his appeal included an allegation of whistleblowing retaliation, he may elect to file an appeal with the Board or OSC and that his election would be based on which appeal he filed first. *Id.*

At some point prior to July 27, 2018, the appellant filed a complaint with OSC alleging that his removal was taken as a result of his protected whistleblowing activity. IAF, Tab 1 at 3, Tab 11 at 5. On August 21, 2018, OSC

issued the appellant a close-out letter with appeal rights to the Board. IAF, Tab 1 at 3. This appeal followed.

The administrative judge issued an order apprising the appellant of the applicable law and his burden of proof to establish jurisdiction over his claim and directing him to provide evidence and argument amounting to a nonfrivolous allegation of jurisdiction. IAF, Tab 3. The appellant did not respond. Thereafter, the agency submitted its response to the appeal, arguing that the appeal should be dismissed for lack of jurisdiction. IAF, Tab 7. After the close of the record below, the appellant submitted a response to the agency's pleading in which he provided a portion of his OSC complaint. IAF, Tab 11. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 7, Tab 12, Initial Decision (ID) at 2. She found that the appellant failed to show that he exhausted his administrative remedies before OSC because he did not prove that he gave OSC a sufficient basis to pursue an investigation that might lead to corrective action. ID at 5-6. She further found that the appellant failed to provide sufficient details to nonfrivolously allege that he made a protected disclosure. ID at 6-9. In so finding, she considered the appellant's late-filed submission. ID at 7 n.2.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response in opposition. PFR File, Tab 3.

---

[2] On January 15, 2020, the appellant filed a pleading with the Board seeking to withdraw his petition for review. PFR File, Tab 7. Thereafter, on January 22, 2020, and February 21, 2020, the Office of the Clerk of the Board issued orders requiring the appellant to confirm his intent to withdraw the petition for review and his understanding that any withdrawal is with prejudice to refiling with the Board. PFR File, Tabs 8-9. Because the appellant failed to respond, the Office of the Clerk of the Board informed him that it would take no further action regarding the withdrawal request and the Board would issue a decision on his petition for review upon restoration of a quorum. PFR File, Tab 10. The appellant has taken no further action to effect the withdrawal of his petition, and thus, we address the merits of the petition for review.

**DISCUSSION OF ARGUMENTS ON REVIEW[3]**

To establish jurisdiction in an IRA appeal, an appellant generally must show by preponderant evidence that he exhausted his administrative remedies before OSC and make nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. The U.S. Court of Appeals for the Federal Circuit has found that in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). For the reasons discussed below, we find that the appellant has shown that he exhausted his administrative remedies before OSC but failed to nonfrivolously allege that his alleged protected disclosure was a contributing factor in his removal.

The appellant exhausted his administrative remedies before OSC.

Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC. *Id*. To satisfy the exhaustion requirement, the

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and conclude that it does not affect the outcome of the appeal.

appellant must provide to OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

Here, the appellant submitted a portion of his OSC complaint in which he stated that he believed the EMS department removed him in retaliation for reporting his supervisor for physically assaulting him. IAF, Tab 11 at 5. Specifically, he claimed that he reported the assault to the agency police and provided them a report on the same day that the alleged assault occurred, October 19, 2017. *Id*. He also claimed that the altercation with his supervisor that day formed the grounds on which the agency first proposed his removal and which resulted in the LCA. *Id*. at 6, 11-12. Under these circumstances, we find that the appellant provided OSC with a sufficient basis to pursue an investigation that might lead to corrective action regarding his removal. *See Chambers,* 2022 MSPB 8, ¶ 9; *see also Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 8 (2008) (finding that an appellant satisfied the exhaustion requirement when he informed OSC of the content of his disclosure, the individual to whom it was made, the nature of the personnel actions allegedly taken in retaliation, and the individuals responsible for taking those actions). Accordingly, we find that the appellant demonstrated that he exhausted his administrative remedies before OSC concerning his removal. *See id*.

The appellant nonfrivolously alleged that he made a protected disclosure under 5 U.S.C. § 2302(b)(8).

Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mason*, 116 M.S.P.R. 135, ¶ 17. The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could

reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id*.

The appellant alleged that his supervisor physically assaulted him on October 19, 2017. IAF, Tab 11 at 5. As a result of the alleged assault, the appellant claimed that he filed a report with the agency police on the same day. *Id*. He further claimed that he went to the emergency room as a result of his injuries from the assault. *Id*. The Board has held that an assault is a violation of criminal law, and a disclosure that an assault occurred is a disclosure of a violation of law, rule, or regulation. *Lewis v. Department of Commerce*, 101 M.S.P.R. 6, ¶ 11 (2005). Under these circumstances, we find that the appellant nonfrivolously alleged that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) when he reported the alleged assault by his supervisor to the agency police on October 19, 2017. *See id*. (explaining that there is no de minimis exception for the violation-of-law aspect of the protected disclosure standard).

<u>The appellant nonfrivolously alleged that the agency subjected him to a personnel action.</u>

Here, the appellant claimed that the agency removed him in retaliation for his whistleblowing activity. IAF, Tab 11 at 5. It is undisputed that the agency removed the appellant, effective February 13, 2018. IAF, Tab 1 at 17. Accordingly, we find that the appellant nonfrivolously alleged that the agency subjected him to a personnel action under 5 U.S.C. § 2302(a)(2)(A). *See Cochran v. Department of Veterans Affairs*, 67 M.S.P.R. 167, 174 (1995) (finding that a removal action is a covered personnel action under section 2302(a)(2)(A)).

<u>The appellant failed to nonfrivolously allege that his protected activity was a contributing factor in the agency's decision to take a personnel action against him.</u>

To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure or the

protected activity was one factor that tended to affect the personnel action in any way. *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶¶ 13-14 (2016). One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *See id*. An appellant also may meet his jurisdictional burden by making a nonfrivolous allegation of other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the protected disclosure or activity was personally directed at the acting officials, and whether those individuals had a motive to retaliate against the appellant. *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 13 n.6 (2015); *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013).

Here, although the appellant claimed that the agency removed him in retaliation for his whistleblowing activity, he did not allege that anyone involved in the decision to remove him had actual or constructive knowledge of that activity. IAF, Tab 11 at 5. Specifically, he did not allege that either the proposing or deciding officials had knowledge of his disclosure to the agency police on October 19, 2017, or that any other agency official was involved in the decision to remove him. Thus, the appellant's allegations do not satisfy the knowledge/timing test. Nor did the appellant make nonfrivolous allegations that would otherwise establish that his disclosure was a contributing factor in his removal. Notably, he alleged that the substance of his disclosure to the agency police pertained only to the October 19, 2017 altercation with his supervisor, and he did not allege any wrongdoing by either the proposing or deciding official. *Id*. at 5-6. Moreover, while the appellant claimed that the supervisor who allegedly

assaulted him had a motive to retaliate against him given his disclosure to the agency police, he did not allege that either the proposing or deciding official had a motive to retaliate against him. While the appellant generally challenges the merits of his removal, we find that he failed to nonfrivolously allege that his protected disclosure was a contributing factor in that action.

<u>The appellant's arguments on review provide no basis to disturb the administrative judge's ultimate conclusion that the Board lacks jurisdiction over his IRA appeal.</u>

In his brief petition for review, the appellant claims to possess new evidence of defamation and breach of contract regarding the LCA. PFR File, Tab 1 at 1. These arguments, however, relate to the merits of the removal action as opposed to his claims of whistleblower retaliation. Because the administrative judge properly found that the appellant knowingly elected to pursue a complaint with OSC in lieu of a direct appeal to the Board pursuant to 5 U.S.C. § 7701, the Board lacks jurisdiction to review the merits of his removal pursuant to the LCA. ID at 2 n.1; *see Brooks v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-18-0598-I-1, Initial Decision (Oct. 16, 2018); *see also Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 14-16 (2013).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.